■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO JOHN MANOS, Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered October 28, 1977, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment with a maximum of life and a minimum of one year. The defendant and one Mancini were charged with crimes as the result of a sale of heroin on February 7, 1976 to a "friend" of the defendant. The "friend" was acting as an informant because he had been arrested on February 6, 1976 by the police on various charges and he was offered immunity if he co-operated as to Manos. All three (defendant, Mancini and informant) were represented by one law firm in their criminal difficulties with Mancini and defendant being represented by the same lawyer in the early stages of the proceedings against them. The District Attorney, perceiving a conflict of interest between Mancini and the defendant, moved the trial court for an order directing either of the defendants to obtain independent counsel. A hearing was held at which the problem was fully explored upon the record with both defendants present. The trial court held an off the record discussion with the defendants and subsequently noted in its decision denying the motion: "In spite of all this, the defendants continue to express a desire to be represented by defense counsel of their choice." Upon this appeal the defendant contends that the trial court should have ordered that the law firm (or attorney) withdraw from the case and that the continued representation by that law firm was a denial of the right of the defendant to effective counsel. County Court Judge Johnson rendered a written decision on August 24, 1976 denying the District Attorney's motion and that decision fully

considered the constitutional rights (US Const., 6th Amdt., NY Const., art I, § 6) of the defendant(s) to the effective assistance of counsel. Further, the trial court fully considered and applied the rationale of *People v Gomberg* (38 NY2d 307) to the case before it. Subsequent to the hearing before Judge Johnson, a *Huntley* hearing was held and at that hearing it was established that the defendant's counsel not only represented Mancini, but had also represented the informant. In the brief on appeal this is alleged to be a surprise to defendant, and it is further alleged that defendant then sought to discharge his counsel but did not do so because he could not get back his retainer. However, the record is silent as to any "surprise" or any dissatisfaction with counsel by this defendant. It is worthy to note the sequence of events concerning the alleged representation of counsel. The charge against the informant was dismissed on July 26, 1976. Mancini pleaded guilty to a charge of criminal possession of a weapon, fourth degree, on May 31, 1977. However, he never testified in the Manos trial as a result of which the defendant's counsel argued that Mancini was the only seller, which argument apparently was not accepted by the jury. Any attempt to formulate a lack of effective counsel upon this record is pure speculation. The case meets all the requirements of *People v Gomberg (supra)* for a waiver by the defendant of any possible prejudice, which prejudice is not, in any event, apparent in this record. Judgment affirmed. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.